UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID RUSSELL POSEY,

     Plaintiff,

v.                                   Case No. 3:14cv17/RV/CJK

GEORGIANNA JEAN POWELL, et al.,

     Defendants.

_____/

ORDER and
<u>REPORT AND RECOMMENDATION</u>

     Plaintiff, a prisoner proceeding *pro se*, commenced this action on January 14, 2014, by filing a civil rights complaint under 42 U.S.C. § 1983 (titled "Next of Friend Petition for Redress Grievance and Injury"), asserting violations of plaintiff's constitutional rights. (Doc. 1). On January 22, 2014, the court entered an order (doc. 3) directing plaintiff to submit, within thirty (30) days, an amended complaint on the court form and either the $400.00 filing and administrative fee or a complete application to proceed *in forma pauperis*. Plaintiff did not respond to the order and, after the court ordered him to show cause why this case should not be dismissed (doc. 8), failed to respond to the show cause order. Accordingly, on April 1, 2014, the undersigned issued a report and recommendation to the District Judge recommending

that this case be dismissed without prejudice for plaintiff's failure to comply with an order of the court (doc. 9). In response, plaintiff filed an amended complaint (doc. 10) and a motion to proceed *in forma pauperis* (doc. 11), which have been referred to the undersigned.

Plaintiff's application to proceed *in forma pauperis* is deficient in that plaintiff failed to submit the required prisoner consent form and account statement, despite the court's explicit order that plaintiff include in his application to proceed *in forma pauperis* a prisoner consent form and a printout of the transactions in his inmate trust account for the six-month period preceding the filing of his original complaint. (*See* Doc. 3). Notwithstanding this deficiency and plaintiff's failure to comply with the court's order, the court will allow plaintiff to proceed *in forma pauperis* for the limited purpose of dismissing this suit.

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that

is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Taking the allegations of plaintiff's amended complaint as true and construing them in the light most favorable to him, plaintiff fails to state a plausible claim for relief against the named defendants.  Plaintiff's amended complaint names as defendants Georgianna Jean Powell and Samantha Jung (doc. 10, pp. 1-2), whom plaintiff describes as his "[former] caregiver and a friend."  (Doc. 10, p. 7).[1]  Both defendants reside in Okaloosa County, Florida.  (Doc. 10, p. 2).  Plaintiff, who is currently serving a life sentence at Blackwater River Correctional Facility, describes himself as a "100% disabled adult."  (Doc. 10, p. 5).  Plaintiff seeks to recover against the defendants under § 1983 on the theory that they violated plaintiff's constitutional rights (the Equal Protection Clause) when they sexually assaulted and robbed him in his home in August of 2006, while plaintiff was "incapacitated" from a seizure.  (Doc. 10, pp. 5, 7; *see also* Doc. 1, p. 7).  As relief, plaintiff seeks $2 million and "the perpetrators arrested."  (Doc. 10, p. 7).

---

[1] Plaintiff's original complaint described Ms. Powell and Ms. Jung as plaintiff's wife and her friend.  (Doc. 1, p. 4).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988) (*citing Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotations omitted). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted). Plaintiff's allegations do not remotely suggest the kind of action that would subject these private party defendants to § 1983 liability as "state actors." Accordingly, plaintiff has no viable § 1983 claim against the defendants.

Even if the defendants were state actors, plaintiff's claims are subject to dismissal for failure to state a claim because: (1) plaintiff's claims are barred by the

four-year statute of limitations, *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (holding that Florida's four-year statute of limitations applies to claims of deprivation of rights under § 1983); (2) plaintiff's allegations fail to state a plausible claim for relief under the Equal Protection Clause, *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (holding that to plead an equal protection claim a plaintiff must allege that "(1) he is similarly situated with other [persons] who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest, such as race." (internal quotation marks and citation omitted)); and (3) plaintiff has no judicially cognizable interest in the arrest, criminal investigation, or criminal prosecution of another, *Linda R.S. v. Richard D.*, 410 U.S. 514, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Related to the failure to state a cause of action, the complaint utterly fails to invoke the jurisdiction of this court.  As set out above, the complaint does not support any inference that a federal question is presented.  The complaint also facially refutes any theoretical argument advancing this court's diversity jurisdiction.  Accordingly, the court has no subject matter jurisdiction to entertain any of the grievances complained of.

Accordingly, it is ORDERED:

1.   The Report and Recommendation dated April 1, 2014 (doc. 9) is VACATED.

2.   Plaintiff's motion to proceed *in forma pauperis* (doc. 11) is GRANTED for the limited purpose of dismissing this action.

3.  The clerk shall redact from page five (5) of plaintiff's amended complaint the social security number of Ms. Powell.

4.  The clerk shall change the docket to reflect that plaintiff's current address is Blackwater River Correctional Facility, 5914 Jeff Ates Road, Milton, Florida 32583.  (*See* Doc. 10. p. 2).

And it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim upon which relief may be granted, and for lack of subject matter jurisdiction.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 22nd day of April, 2014.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**



NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).